# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 23-7108**

**September Term, 2023**

FILED ON: JUNE 18, 2024

TERRI LEA,
    APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
    APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-01396)

---

Before: PILLARD, WALKER and PAN, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the district court's order be **AFFIRMED.**

Attorney Terri Lea claims that the District of Columbia denied her due process when it made her a conditional job offer and then revoked it based on adverse information that later came to light. The district court granted the District's motion for summary judgment as to Lea's due-process claim, rejecting as unsupported Lea's assertion that the District's revocation of the offer and formal determination of her unsuitability for the position effectively barred Lea from future employment with the District. Because Lea is entitled to no more process than she received, we affirm the district court's order.

\* \* \*

On March 15, 2018, the District of Columbia offered Lea a position as General Counsel of the D.C. Department of For-Hire Vehicles, which she accepted. The offer was conditioned on Lea's successful completion of a consumer-credit check and criminal background investigation.

Soon afterwards, the District learned from the General Counsel of Lea's former employer that her resume might have falsely represented her prior work experience. The District then conducted a public records search and discovered that Lea's bar license had been at least twice suspended—once in 2009 and again in 2011—for misconduct and not reinstated until August 2017, just three months before she applied for the General Counsel position.

In response to that information, the District decided Lea was unsuitable for the General Counsel position. On March 29, 2018, the District revoked its conditional offer. Lea was afforded the opportunity to submit a written response to "clarify any derogatory information revealed" by the suitability screening, Revocation Ltr. at 2, *Lea v. Dist. of Columbia*, No. 22-cv-1396 (D.D.C. Jul. 27, 2023), ECF No. 25-2, at 46-47; after Lea did so, the District affirmed its unsuitability determination. Lea applied for other legal jobs in the D.C. government but did not get them.

Lea sued the District in D.C. Superior Court, alleging that the determination of her unsuitability was memorialized in a personnel file maintained by the District, and that the information on file "automatically" foreclosed her from all positions across the District's agencies. Am. Compl. ¶¶ 41, 61-63 (J.A. 16, 19-20). Lea claimed under 42 U.S.C. § 1983 that the District deprived her of a constitutionally protected liberty interest in her reputation without appropriate procedural protections, in violation of the Fifth Amendment's Due Process Clause. She also claimed that the defendants violated D.C. law by making negligent misrepresentations regarding the offer of employment by failing to disclose from the outset that a "suitability assessment" would be conducted before the appointment could be finalized. *Id.* ¶ 79 (J.A. 23); *see id.* ¶¶ 68-84 (J.A. 21-23). The District removed the case to federal district court.

The government violates an individual's constitutional right to due process if, "without providing sufficient procedural protections," it deprives her of liberty interests, including "the right to 'follow a chosen profession free from unreasonable governmental interference.'" *Campbell v. Dist. of Columbia*, 894 F.3d 281, 288 (D.C. Cir. 2018) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015)). When a plaintiff asserts a so-called "stigma-plus" liberty deprivation, as Lea does here, Lea Br. 11, she must show either that (1) an adverse action by the government was so stigmatizing that it "'formally or automatically excludes' her from some category of work," or (2) the government's adverse action, even if lacking the "'binding effect' of a formal exclusion . . . has 'the broad effect of largely precluding [the plaintiff] from pursuing her chosen career.'" *Campbell*, 894 F.3d at 289 (final alteration in original) (first quoting *Kartseva v. Dep't of State*, 37 F.3d 1524, 1528 (D.C. Cir. 1994); and then quoting *O'Donnell v. Barry*, 148 F.3d 1126, 1141 (D.C. Cir. 1998)). She has sought to make the first type of showing.

As relevant here, the district court on cross-motions for summary judgment denied Lea's stigma-plus due process claim. *Lea v. Dist. of Columbia*, No. 22-cv-1396, 2023 WL 4824710, at *4-5 (D.D.C. July 27, 2023). It held that the evidence contradicted Lea's claims that the District kept a personnel file about her or a centralized list of unsuitable candidates. The court concluded that "no such unsuitability determination record exists," meaning that Lea had failed to identify evidence supporting her contention that she was automatically excluded from future employment across the District's agencies. *Id.* at *5. In the absence of any other federal claim, the district court exercised its discretion to remand the negligent misrepresentation claim to Superior Court.

2

On appeal, Lea contends that the district court failed to credit evidence that, if the District deems a candidate unsuitable for employment, it automatically rejects that candidate's job applications for the ensuing year. *See* Lea Br. 12-17. Indeed, the District accepted as "undisputed" that individuals deemed unsuitable are "disqualified from District of Columbia employment for a year"—a policy confirmed by the District's Rule 30(b)(6) witness. Defs.' Resp. Pl.'s Statement of Undisputed Facts ¶ 12 (J.A. 60). On appeal, however, the District reverses its position, baldly stating that the witness it designated in the district court was incorrect. *See* District Br. 13. According to the District, the witness mistakenly assumed that D.C. Mun. Regs. tit. 6-B, § 403.6, which provides that a suitability screening "shall be deemed valid for a period of one . . . year," meant that an unsuitable candidate would be disqualified from employment for one year. *Id*. at 24-25. Because we "may affirm the district court on any ground supported by the record," *Chambers v. Burwell*, 824 F.3d 141, 143 (D.C. Cir. 2016), we need not pass on either the district court's assessment of the evidence regarding the putative one-year employment bar or the District's belated effort to correct the record.

Even if the District "formally or automatically exclude[d]" Lea from future government employment opportunities, *Kartseva*, 37 F.3d at 1528, and thereby deprived Lea of a constitutionally protected liberty interest, her claim fails for the separate reason that she received all of the process she was due. "Assuming all of the other elements necessary to make out a claim of stigmatization . . . , the remedy mandated by the Due Process Clause of the Fourteenth Amendment is 'an opportunity to refute the charge.'" *Codd v. Velger*, 429 U.S. 624, 627 (1977) (per curiam) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972)). For such a hearing to "serve any useful purpose, there must be some factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation." *Id.* That is because the hearing *Codd* requires does not concern "the propriety of the discharge itself," but merely "the veracity of the [employer's] charges." *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1114 (D.C. Cir. 1985). After all, the protected liberty interest is avoidance of disqualifying stigma, not entitlement to any particular job.

The parties do not disagree about the events underlying the District's unsuitability determination, and "[n]o constitutional right to a hearing arises where the dispositive facts are not in dispute." *Beth Rochel Seminary v. Bennett*, 825 F.2d 478, 482 (D.C. Cir. 1987). Lea concedes that there is "obviously no basis to deny that the infractions [expressly noted in her revocation letter] took place." Reply Br. 12. Her due process claims are thus squarely precluded by *Codd*. In that case, a fired police officer brought a due process challenge arising from the stigmatizing effect of his personnel file, which disclosed to potential future employers that he had been dismissed based on an apparent suicide attempt. *Codd*, 429 U.S. at 624-26. The Supreme Court concluded that the officer's failure to argue that the report of his suicide attempt was substantially false precluded his entitlement to a hearing. *Id.* at 627.

Lea urges that she has the right to dispute that her bar suspensions rendered her "unsuitable" for employment with the District. *See* Lea Br. 20-21; Reply Br. 12-13. But *Codd* hearings are not geared to "a determination of whether or not, conceding that the [charges] were true, the employee was properly refused []employment," 429 U.S. at 628; they afford a limited opportunity for a person to "clear his name" of defamatory charges, *id*. at 627 (quoting *Roth*, 408

U.S. at 573 n.12); *see also Doe*, 753 F.2d at 1113 n.25. Lea seeks to cross-examine the former coworker who tipped off the District that there might be more to Lea's work history than her application revealed. Lea Br. 18-19. But the District's revocation of the job offer was expressly based only on Lea's suspensions from the D.C. Bar, not the suspected doctoring of her resume. Cross-examining her former coworker would not accomplish any name-clearing objective relevant to the stigma of the challenged unsuitability determination.

For these reasons, the district court's judgment is affirmed. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk